### PRESUMPTION AS. TO CAUSE OF INJURIES.

Circuit Court of Cuyahoga County.

THOMAS JONES v. J. S. ANKEY.

Decided, November 10, 1905.

*Presumptions—Infirmities Presumed to Result from Only Cause in Evidence.*

Where it is shown that plaintiff was assaulted and that he afterwards suffered infirmities which might have resulted either from external violence or from disease, there being no evidence of plaintiff's having been diseased. it will be presumed that his injuries resulted from the assault proven.

*Meyer & Mooney,* for plaintiff in error.
*Vessey, Davis & Manak,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The parties here stood in the relation opposite to that in which they stood in the common pleas, and this proceeding was begun to reverse a judgment for $1,100 recovered at the April, 1905, term of said court, for injuries sustained by the defendant in error, in consequence of being kicked by the plaintiff in error, in an altercation between them, March 4, 1902.

The medical testimony discloses that the defendant in error's bodily infirmities may have been caused either by external violence or by disease. The defendant in error testified to the kick and to the subsequent bodily infirmities, but was not permitted to testify that the latter actually resulted from the former, and there was no direct testimony to that effect. On this state of the evidence it is claimed, that the rule of *The L. S. & M. S. Ry. Co.* v. *Andrews, Admr.*, 58 Ohio St., 426, applies, viz:

"In the absence of direct evidence in its support, an allegation that one sustained injuries by reason of the negligence of the defendant is not sustained by proof of circumstances from which the fact that his injuries were so sustained is not a more natural inference than any other."

This rule might well be applied here if the evidence had shown that the defendant in error had suffered not only the external violence complained of, but also from disease such that the bodily infirmities in question might equally well have resulted from either alone. Then, indeed, it would have been necessary for the defendant below to show affirmatively that the former was the true cause rather than the latter. But in the absence of evidence that he had such disease, it is a legitimate and a more natural inference, that the external violence, of which there was proof, and which was proved to be an adequate cause, did, in fact, result in the bodily infirmities that ensued than that they were caused by disease, whereof there was no evidence.

It was therefore perfectly competent for the plaintiff after proving that he was kicked, and that the injury thus inflicted was adequate to produce the infirmities complained of, to give evidence further that, after the injury, he suffered from such infirmities. And it appearing that he had not so suffered before, and no other adequate cause thereof being shown, the jury were justified in concluding, as they manifestly did conclude, that the infirmities were caused by the kick. We find no error, either in the admission of evidence, or in the sufficiency thereof.

A further assignment of error is made upon the court's charge to the jury, permitting them to award punitive damages if they found that defendant in error was maliciously injured by the

plaintiff in error.   No exceptions was taken to the charge at the
time and it is not now claimed that the rule was inaccurately
stated by the trial judge.   The claim is that as the evidence dis-
closed no malice, the court erred in interjecting the subject of
punitive damages into the case.

From an examination of the evidence, in which there is much
conflict of testimony, we are not satisfied that the defendant be-
low used only such violence as was reasonably necessary to repel
an assault.   It is not enough that he did not pick the quarrel, if
such was the fact, and we think the court's charge was not
erroneous.

Judgment affirmed.